IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL TYRONE JOSEPH JOYCE                                                    PLAINTIFF

v.                                          Case No. 6:21-cv-06010

SHERIFF MIKE CASH, *et al*.                                                    DEFENDANTS

**ORDER**

Before the Court is Plaintiff Michael Tyrone Joseph Joyce's failure to obey a Court order and failure to prosecute this case. On January 21, 2021, Plaintiff, an inmate at the Hot Spring County Jail in Malvern, Arkansas, filed this *pro se* civil rights action under 42 U.S.C. § 1983. (ECF No. 1). That same day, Plaintiff was directed by the Court to return a completed *in forma pauperis* ("IFP") application, or pay the $402 filing fee, by February 11, 2021. (ECF No. 3).

Plaintiff was also directed to file an Amended Complaint by February 11, 2021. (ECF No. 3). The Court cautioned Plaintiff that this case shall be subject to dismissal if he fails to return the Amended Complaint by the Court's imposed deadline of February 11, 2021. *Id*. Additionally, the Court advised Plaintiff that he is required to immediately inform the Court of any change of address and that he shall have 30 days from the date of any transfer or release in which to notify the Court of his new address. *Id*.

On February 4, 2021, mail addressed to Plaintiff at the Hot Spring County Jail was returned as undeliverable to the Clerk of this Court. (ECF No. 5). As of the date of this Order, Plaintiff has not filed an IFP application or an Amended Complaint as directed by the Court.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and failed to prosecute this case. Therefore, Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of March, 2021.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge